J. S30027/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :      IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA
                   v.           :
                                     :
WILLIAM VOSE,                 :          No. 3076 EDA 2014
                                     :
               Appellant    :


Appeal from the Judgment of Sentence, October 16, 2014,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0003865-2013


BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E. AND JENKINS, J.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 23, 2015**

William Vose appeals from the judgment of sentence of October 16, 2014, following his conviction of one count of conspiracy to commit robbery. We affirm.

The trial court has set forth the procedural history of this matter as follows:

> A jury found defendant guilty on June 18, 2014, of one count of conspiracy to commit robbery. He was found not guilty of robbery. This court sentenced defendant on October 16, 2014, to three to 10 years in prison and a consecutive five-year period of probation.
>
> Defendant, through counsel, filed a timely post-sentence motion on October 21, 2014. He alleged the sentence imposed was unduly harsh and excessive and requested a reconsideration of the length of the prison term. He also moved for a new trial on the ground the verdict was against the

weight of the evidence and moved for judgment of acquittal or a new trial on the ground the evidence failed to establish each element of the crimes charged and the commission thereof by defendant. Finally, defendant requested a new trial on the basis of alleged after-discovered evidence.

Before this court addressed the motion, defendant filed a notice of appeal on October 28, 2014. That same day, this court issued an Order directing defendant to amend his post-sentence motion within 10 days to assert with specificity the basis for the claim of after-discovered evidence. Defendant did not file an amended petition. This court denied the post-sentence motion in an Order dated November 13, 2014, and directed defendant to file within 21 days a concise statement of issues in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). Defendant complied with that directive.

Trial court opinion, 1/5/15 at 1-2.

Appellant has raised the following issues for this court's review:

1. Whether the trial court was in error when it ruled against Defendant's Post Trial Motion in which Defendant submitted and averred that the underlying sentence imposed was unduly harsh and excessive as it relates to the length of the prison term and to mitigation testimony presented?

2. Whether the trial [court] was in error when it ruled against Defendant's Post Trial Motion in which Defendant submitted that the underlying jury's verdict was against the weight and sufficiency of the evidence and demonstrated a reasonable doubt [as] to whether the Defendant had committed the crimes in which he was charged?

3. Whether the trial [court] was in error when it ruled against Defendant's Motion for Judgment

of Acquittal in which the Defendant submitted that the Commonwealth failed to present sufficient evidence for the trier of fact to find the Defendant guilty of the crimes in which he was charged and because the evidence failed to establish each material element of the crimes charge[d] and the commission thereof by the Defendant beyond a reasonable doubt?

Appellant's brief at 5.

Before we may address the merits of the issues raised on appeal, we must address the Commonwealth's contention that the appeal should be quashed. According to the Commonwealth, the trial court lost jurisdiction when appellant filed a premature notice of appeal on October 28, 2014, prior to disposition of his post-sentence motion. Therefore, the Commonwealth characterizes the trial court's November 13, 2014 order denying appellant's post-sentence motion as a legal nullity. We disagree.

We addressed a similar scenario in **Commonwealth v. Rojas**, 874 A.2d 638 (Pa.Super. 2005), in which the appellant filed a notice of appeal prior to disposition of his post-sentence motion. **Id.** at 641. As in this case, the Commonwealth argued that the appeal divested the lower court of jurisdiction over the previously filed post-sentence motion, and, therefore, the order dismissing the appellant's post-sentence motion was a nullity, entered without jurisdiction. **Id.** Citing **Commonwealth v. Borrero**, 692 A.2d 158 (Pa.Super. 1997), this court disagreed, finding that because, pursuant to Pa.R.Crim.P. 720, the judgment of sentence does not become final for appeal purposes until the trial court disposes of the post-sentence

motion or it is denied by operation of law, the appellant's direct appeal was improperly filed from a non-final order and did not divest the trial court of jurisdiction to decide his post-sentence motion. *Id.* at 643. As this court explained in *Borrero*, where the appellant also filed a premature direct appeal before his timely post-sentence motions were disposed of by the trial court or denied by operation of law:

> [T]he appeal did not divest the trial court of jurisdiction in this instance. As previously indicated, the comment to Rule [720] explicitly prohibits the filing of an appeal while post-sentencing motions are pending. Comment to Pa.R.Crim.P., Rule [720], 42 Pa.C.S.A., *supra*. The comment further provides that a judgment of sentence does not become final until post-sentencing motions are ruled upon by the trial court or are denied by operation of law. *Id.* Moreover, a trial court may proceed further in any matter in which a nonappealable order has been entered, notwithstanding the filing of a notice of appeal. Pa.R.A.P., Rule 1701(b)(6), 42 Pa.C.S.A. Consequently, appellant's improper appeal did not divest the trial court of jurisdiction to decide appellant's post-sentencing motion or deny it by operation of law.

*Id.*, quoting *Borrero*, 692 A.2d at 161 n.4. Thus, when the trial court denied appellant's post-sentence motion on November 13, 2014, appellant's judgment of sentence became final for appeal purposes. Despite having filed a premature notice of appeal, the instant appeal is not from an interlocutory judgment of sentence and this court has jurisdiction. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a

determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

In his first issue on appeal, appellant challenges the discretionary aspects of sentencing. Appellant argues that the trial court failed to put reasons on the record justifying an upward departure from the standard range of the sentencing guidelines.

"A challenge to the discretionary aspects of a sentence requires the claimant to set forth in his brief a separate, concise statement of the reasons relied upon for the allowance of appeal as to that challenge." *Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa.Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005), citing *Commonwealth v. Eby*, 784 A.2d 204, 206 n.2 (Pa.Super. 2001), in turn citing Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987). Appellant has complied with this requirement. (Appellant's brief at 8.)

> This Court may reach the merits of an appeal challenging the discretionary aspects of a sentence only if it appears that a substantial question exists as to whether the sentence imposed is not appropriate under the Sentencing Code. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to the fundamental norms which underlie the sentencing process. A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges presents a 'substantial question' for our review."

***Griffin***, ***supra***, quoting ***Eby***, ***supra***.

> The matter of sentencing is vested within the sound discretion of the trial court; we only reverse the court's determination upon an abuse of discretion. To demonstrate that the trial court has abused its discretion, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. Moreover, 42 Pa.C.S.A. § 9721(b) provides that the trial court must disclose, on the record, its reasons for imposing the sentence.

***Commonwealth v. Hanson***, 856 A.2d 1254, 1257 (Pa.Super. 2004) (citations and internal quotation marks omitted). "[T]he sentencing judge must state of record the factual basis and specific reasons which compelled him or her to deviate from the guideline ranges. When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only." ***Griffin***, ***supra*** at 8, citing ***Eby***, ***supra***.

Here, appellant received an aggravated range sentence of 3-10 years' incarceration. The trial court explained at sentencing that appellant failed to appreciate the seriousness of his conduct or take responsibility for his crime. (Trial court opinion, 1/5/15 at 4.) Appellant was only interested in himself and did not demonstrate any empathy towards the victim. (***Id.***) Appellant characterized the victim as "a drug dealer and somebody robbed him." (Notes of testimony, 10/16/14 at 26.) Appellant sought to minimize the incident, remarking that, "It was against the law. But I feel like it is worse than what it really was, you know." (***Id.*** at 27.) Appellant continued to

deny his involvement, allowing only that, "I did know about it." (***Id.*** at 26.)

Appellant focused on himself and his punishment, lamenting that,

> being in jail has not helped me at all, it is not helping my family. And I understand that there is a justice system and, you know, there is [sic] rules, you know, but I feel like I have changed a lot and I feel like my family deserves to have me there and my son deserves to have me there.

***Id.*** at 25.

In addition, the alleged robbery involved the use of a firearm which was discharged. (Trial court opinion, 1/5/15 at 4.) As the trial court remarked, appellant is fortunate that no one was injured. (***Id.***) Finally, the trial court considered the information contained in the pre-sentence investigation report. (***Id.***) "Where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." ***Commonwealth v. Fullin***, 892 A.2d 843, 849-850 (Pa.Super. 2006), quoting ***Commonwealth v. L.N.***, 787 A.2d 1064 (Pa.Super. 2001). The trial court placed sufficient reasons on the record justifying an aggravated range sentence. Appellant's discretionary aspects of sentencing claim fails.[1]

---

[1] Appellant argues that the trial court mistakenly stated the firearm was discharged three times, when the testimony indicated the firearm was discharged only once. (Appellant's brief at 10.) However, this apparent discrepancy did not appear to be crucial to the trial court's disposition.

Next, appellant argues that the jury's verdict was against the weight of the evidence. Appellant argues that the victim, Tyler Smith ("Smith"), lacked credibility as a drug dealer and was not able to identify appellant. (Appellant's brief at 13.) Appellant also states that his co-conspirator, Lauren Caroluzzi ("Caroluzzi"), agreed to an open plea to third-degree robbery in exchange for her testimony against appellant. (*Id.*) Appellant paints Caroluzzi as a biased witness with a motive to lie. Caroluzzi admitted that the robbery was her idea. (*Id.*) Appellant testified on his own behalf and denied any participation in the robbery.

> A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice.

> ***Commonwealth v. Lyons***, ___ Pa. ___, 79 A.3d 1053, 1067 (2013).

> The Pennsylvania Supreme Court has reiterated the proper standard of review of a weight claim as follows:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of

greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail."

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, ___ Pa. ___, 64 A.3d 1049, 1054–1055 (2013) (citations omitted) (emphasis in original).

*Commonwealth v. Orie*, 88 A.3d 983, 1015-1016 (Pa.Super. 2014),

*appeal denied*, 99 A.3d 925 (Pa. 2014).

Caroluzzi testified that on December 25, 2012, Christmas Day, appellant invited her to his grandmother's house for Christmas dinner.

(Notes of testimony, 6/16/14 at 56.) Caroluzzi and appellant were close friends and had known each other for three or four years. (*Id.* at 57-58.) After dinner, appellant confided to Caroluzzi that he owed someone money who was "going to come after him." (*Id.* at 58.) Caroluzzi suggested robbing a drug dealer of a quarter pound of marijuana and then selling the drugs for a profit. (*Id.*) Appellant readily agreed, without hesitation. (*Id.* at 58-59.)

Caroluzzi called a friend of hers, Smith, and asked if he would be able to sell her a quarter pound of marijuana. (*Id.* at 59.) Caroluzzi chose Smith because he is of small stature and she knew he would agree to do it. (*Id.* at 59-60.) Smith picked Caroluzzi up in his car and they drove to appellant's cousin's house, where the transaction was to take place. (*Id.* at 62.) Caroluzzi testified that they did not discuss using a gun; she told appellant that Smith was "a little kid" and he would be able to physically overpower him and take the marijuana. (*Id.* at 63.)

When they arrived and exited the vehicle, appellant came out of the bushes with a shotgun. (*Id.* at 67.) Caroluzzi testified that appellant fired the shotgun and took the marijuana, as well as Smith's car keys, and ran. (*Id.*) Caroluzzi could not see where appellant was pointing the gun when he fired, but as far as she could tell, he was not pointing it at Smith. (*Id.* at 67-68.) Caroluzzi and appellant ran to a friend's house where they smoked marijuana. (*Id.* at 68.) When Caroluzzi asked appellant why he brought the

gun, appellant replied that it was the only way to frighten Smith into giving up the marijuana. (*Id.* at 69.) Later, when Caroluzzi's stepmother confronted appellant about the incident, appellant was crying and saying he was sorry. (*Id.* at 142.)

Smith testified that he agreed to sell Caroluzzi a quarter pound of marijuana for $1,400. (*Id.* at 84-85.) As they were walking into the yard, he heard a gunshot and fell, but could not see the gunman. (*Id.* at 89.) A male individual came up from behind and told him to give up the bag of marijuana. (*Id.* at 90-91.) They then took the bag and left. (*Id.* at 92.) Leigh-Ann Kelly, an area resident, testified that in the early morning hours of December 26, 2012, she heard a single gunshot. (*Id.* at 51-52.)

Clearly, as the trial court states, the jury was free to reject appellant's version of events and credit the testimony of Caroluzzi and Smith. (Trial court opinion, 1/5/15 at 5.) Caroluzzi testified that appellant readily agreed to the robbery and was, in fact, the man with the shotgun. Issues regarding bias and credibility, including the fact that additional charges against Caroluzzi were withdrawn in exchange for her truthful testimony, were for the jury. The trial court did not abuse its discretion in rejecting appellant's weight of the evidence claim.

Finally, appellant challenges the sufficiency of the evidence to support the jury's verdict. Appellant argues that Caroluzzi's testimony was tainted and that the jury clearly did not find her wholly credible, as evidenced by

their not guilty verdict on the robbery charge. (Appellant's brief at 14.)

Appellant also claims that Caroluzzi's testimony was contradicted by one of

his witnesses. (*Id.*)

In his Rule 1925(b) statement, appellant frames the issue as:

> The Honorable Court was in error when it ruled against the Defendant's Motion for Judgment of Acquittal where the Defendant submits that the Commonwealth failed to present sufficient evidence for the trier of fact to find to find [sic] the Defendant guilty of the crimes charged and because the evidence failed to establish each material element of the crimes charged and the commission thereof by the Defendant beyond a reasonable doubt.

Docket #44. Appellant's post-sentence motion was similarly boilerplate.

Appellant does not specify which particular elements of the offense were not

met. Appellant does not state how or why the evidence was insufficient.

> In **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa.Super. 2008), this Court stated, "[i]f Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal."

**Commonwealth v. Manley**, 985 A.2d 256, 261-262 (Pa.Super. 2009),

**appeal denied**, 996 A.2d 491 (Pa. 2010). "As this Court stated in

**Williams**, the 1925(b) statement is required to determine '[w]hich elements

of which offense[s] were unproven? What part of the case did the

Commonwealth not prove?'" **Id.** at 262, quoting **Williams**, 959 A.2d at

1257.

Appellant's boilerplate Rule 1925(b) statement is manifestly inadequate to preserve the issue. Furthermore, the arguments appellant makes now, that Caroluzzi was not credible and that her testimony conflicted with that of another witness, really go to the weight of the evidence, not its sufficiency.[2] We agree with the trial court that viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, it was sufficient to establish each element of the crime of conspiracy to commit robbery. (Trial court opinion, 1/5/15 at 7.)

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/2015

---

[2]     The law is well settled that a sufficiency argument that is founded upon a mere disagreement with the credibility determinations made by the fact finder, or discrepancies in the accounts of the witnesses, does not warrant the grant of appellate relief, for [i]t is within the province of the fact finder to determine the weight to be accorded each witness's testimony and to believe all, part, or none of the evidence introduced at trial.

*Commonwealth v. Johnson*, 910 A.2d 60, 65 (Pa.Super. 2006), *appeal denied*, 923 A.2d 1173 (Pa. 2007) (quotation marks and citations omitted). "Moreover, a verdict may be predicated upon the uncorroborated testimony

of an accomplice." **_Commonwealth v. Mikell_**, 729 A.2d 566, 570 (Pa. 1999) (citation omitted).